IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL INDICTMENT |
| | : | NO. 1:05-CR-393-RWS-JFK |
| SIMEON VELASQUEZ, | : | |
| a/k/a Chino | : | |
| | : | |
| Defendant. | : | |

<u>GOVERNMENT'S MOTION IN LIMINE AND
REQUEST FOR PRETRIAL HEARING
TO DETERMINE THE ADMISSIBILITY OF
THE DEFENDANT'S PROPOSED EXPERT TESTIMONY</u>

COMES NOW the United States of America, by and through counsel, David E. Nahmias, United States Attorney, and G. Scott Hulsey, Assistant United States Attorney, Northern District of Georgia, and hereby files the Government's Motion <u>in</u> <u>Limine</u> and Request for Pretrial Hearing to Determine the Admissibility of the Defendant's Proposed Expert Testimony.

INTRODUCTION

On December 8, 2006, the defendant filed a Notice of Expert Testimony of Defendant's Mental Disease, Defect, or Condition pursuant to Federal Rule of Criminal Procedure 12.2(b). (Doc. 72). Specifically, the defendant is seeking to introduce expert testimony regarding the fact that the defendant allegedly suffers from posttraumatic stress disorder (PTSD), which bears upon the issue of his guilt. Although the defendant's notice was untimely, the government did not object to the Court's allowing the defendant

to file his Rule 12.2(b) Notice out of time. (Doc. 72 ¶ 7). However, the government asserts that pursuant to the Insanity Defense Reform Act of 1984 ("IDRA"), a determination as to the admissibility of the evidence the defendant is seeking to introduce must be made outside the presence of the jury, and to that end the government requests a pretrial hearing.

ARGUMENT AND AUTHORITY

The IDRA, which was passed following the acquittal of John Hinckley on charges of shooting President Ronald Reagan and Press Secretary James Brady, changed how psychiatric evidence could be used in federal criminal trials. United States v. Cameron, 907 F.2d 1051, 1061 (11th Cir. 1990). Primarily, the IDRA

>   (1) eliminated the "volitional prong" of the often utilized Model Penal Code approach to the insanity defense, which would permit an acquittal by reason of insanity if the defendant "as a result of a mental disease or defect . . . lacks substantial capacity . . . to conform his conduct to the requirements of law, and defined insanity narrowly as that "the defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his acts, 18 U.S.C. § 17(a);
>
>   (2) eliminated all other *affirmative defenses or excuses* based upon mental disease or defect, *id.*;
>
>   (3) changed the burden of proof and burden to require the *defendant* to prove the affirmative defense of insanity by clear and convincing evidence, 18 U.S.C. § 17(b);
>
>   (4) limited the use of expert psychological testimony on ultimate legal issues, Fed. R. Evid. 704(b); and

> (5) created a special verdict of "not guilty by reason of insanity," which triggers federal civil commitment proceedings, 18 U.S.C. § 4242(b).

Cameron, 907 F.2d at 1061 (emphasis in original). However, although Congress (1) eliminated any form of legal excuse based on psychological impairment that does not come within the narrow definition of insanity in § 17(a), (2) "'intended to insure that the insanity defense is not improperly resurrected in the guise of showing some other affirmative defense, such as that the defendant had a 'diminished responsibility' or some similarly asserted state of mind which would serve to excuse the offense," and (3) "was concerned about the danger that expert psychiatric testimony regarding inherently malleable psychological concepts can be misused at trial to mislead or confuse the jury," under the IDRA, Congress did not bar the admissibility of all "non-insanity" psychiatric evidence, i.e. "psychiatric evidence not offered strictly in conjunction with an insanity defense." Cameron, 907 F.2d at 1061-62. Specifically, Congress did not bar the admissibility of psychiatric evidence pertaining to a defendant's *mens rea* in specific intent crimes, which is sometimes referred to in common law as a "diminished capacity" or "diminished responsibility" defense. Id. at 1062.

The Eleventh Circuit clarified the confusion regarding these labels by referring to "affirmative defense psychiatric evidence," and "psychiatric evidence to negate specific intent." Id. at 1063.

Affirmative defense psychiatric evidence, which under the IDRA must be an insanity defense,[1] must be raised by the defendant and can justify or excuse otherwise criminal conduct. Id. Psychiatric evidence to negate specific intent is evidence that aids the trier of fact in determining a defendant's specific state of mind with regard to actions taken at the time the charged offense was committed, but it does not constitute an affirmative defense. Id. Rather, such evidence goes specifically to whether or not the prosecution has carried its burden of proving each essential element of the crime when specific intent is at issue. Id.

"'Only in the rare case, however, will even a legally insane defendant actually lack the requisite *mens rea* purely because of mental defect." Cameron, 907 F.2d at 1066. "When a defendant claims to have psychiatric evidence that she 'lacked the capacity' or was 'incapable' of forming the intent necessary for the crime charged, most often that defendant is speaking of an incapacity to reflect or control the behaviors that produced the criminal conduct." Id. "Such evidence is not 'psychiatric evidence to negate specific intent' and should not be admitted." Id. ; see also United States v. Schneider, 111 F.3d 197, 203 (1st Cir. 1997)(psychiatric evidence offered to negate intent that "tends to

---

[1] "In addition to redefining legal insanity and making it an 'affirmative defense,' Congress also provided in the specific wording of 18 U.S.C. § 20(a) that '[m]ental disease or defect does not otherwise constitute a defense.'" Cameron, 907 F.2d at 1064.

-4-

reintroduce the very concepts Congress wanted to exclude and thereby to mislead the jury" should be excluded under Fed. R. Evid. 403).[2] Psychiatric evidence to negate specific intent is admissible only when that evidence focuses on the defendant's specific state of mind at the time of the charged offense. Cameron 907 F.2d at 1067. Evidence that a defendant actually lacked *mens rea* is admissible, but evidence that a defendant lacks the capacity to form *mens rea* is inadmissible. United States v. Westcott, 83 F.3d 1354, 1358 (11th Cir. 1996).

An example of admissible psychiatric evidence to negate specific intent, cited by the Cameron court, is set forth in United States v. Staggs, 553 F.2d 1073 (7th Cir. 1977), where Staggs was charged with threatening to shoot a police officer. Cameron, 907 F.2d at 1067. He denied making the threat and sought to introduce psychiatric evidence establishing that he suffered from a mental condition that made it highly unlikely he would make that threat. Id. The evidence was deemed admissible because it did not imply a legal excuse for Staggs' conduct, nor did it suggest a theory of unconscious motivation or lack of volitional control. Id. Rather, the evidence shed light on whether Staggs possessed a specific state of mind that would make him guilty of a more serious crime

---

[2] Fed. R. Evid. 403 provides in relevant part, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, . . ."

than his conduct alone established.  Id.  "In other words, Staggs was offering the psychiatric evidence to show he did not do it, not that he could not help it."  United States v. Worrell, 313 F.3d 867, 874 (4th Cir. 2002).  Likewise, in Westcott, the defendant was charged with falsely representing himself to be a United States Secret Service agent, a specific intent crime.  United States v. Westcott, 83 F.3d 1354, 1356-58 (11th Cir. 1996).  At a pre-trial hearing on the government's motion in limine, the defendant's expert, Dr. Miller, testified that Westcott suffered from a bipolar disorder and as a result of that disorder Westcott truly believed he was a Secret Service agent.  Id. at 1358.  Because Miller's testimony focused on the defendant's state of mind at the time of the incident and supported the contention the defendant actually lacked the *mens rea* required, the evidence was admissible to negate the *mens rea* element of the crime.  Id.  However, Miller further testified that due to the mental disease the defendant was unable to appreciate the wrongfulness of his conduct, which is precisely the definition of insanity.  Id. at 1358-59.  Consequently, the district court ruled the evidence would be admissible only in connection with an insanity defense, and the Eleventh Circuit affirmed.  Id. at 1359.  The Court found that although the evidence went to lack of *mens rea*, the testimony was calculated to present an insanity defense through the back door of rebutting specific intent, without assuming the burden of proof required by the IDRA.

Id.; see also United States v. Peralta, 930 F. Supp. 1523 (S.D. Fla. June 12, 1996).

"Because psychiatric evidence (1) will only rarely negate specific intent, (2) presents an inherent danger that it will distract the jury[] from focusing on the actual presence or absence of *mens rea*, and (3) 'may easily slide into wider usage that opens up the jury to theories of defense more akin to justification,' district courts must examine such psychiatric evidence carefully to ascertain whether it would, if believed 'support a legally acceptable theory of lack of *mens rea*.'" Cameron 907 F.2d at 1067. Accordingly, all such evidence should be evaluated outside the jury's presence. Id.

Moreover, it is the jury who must determine whether a defendant possesses the statutorily specified mental state to be guilty of a particular crime. Cameron, 907 F.2d at 1066. "No expert witness testifying with respect to the mental state or condition of a defendant in a criminal case may state an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged or of a defense thereto." Fed. R. Evid. 704(b); Cameron, 907 F.2d at 1061 (the IDRA limited the use of expert psychological testimony on ultimate legal issues).

In the instant case, the defendant is charged with a specific intent crime, i.e. First Degree Murder (18 U.S.C. § 1111). See

United States v. Wood, 207 F.3d 1222 (10th Cir. 2000)(first-degree murder requires both malice aforethought and the specific intent to commit an unlawful killing, but second-degree murder, by contrast, is a general intent crime that requires only malice aforethought). Accordingly, psychiatric evidence to negate the specific intent[3] element is admissible to the extent the evidence focuses only on the defendant's specific state of mind at the time of the charged offense, i.e. evidence that the defendant actually lacked the required *mens rea*. Cameron, 907 F.2d at 1067; Westcott, 83 F.3d at 1358. To that end, the Court must carefully examine the evidence the defendant intends to offer outside the presence of the jury, and make a determination as to its admissibility, possibly excluding the defendant's expert testimony, or in the alternative, limiting its scope. Cameron 907 F.2d at 1067; see also United States v. Grizzle, 933 F.2d 943, 949 (11th Cir. 1991)("[d]ecisions regarding the admission of expert testimony are within the sound discretion of the district court").

---

[3] In the instant case, the defendant's notice having been filed pursuant to Fed. R. Crim. P. 12.2(b) rather than 12.2(a) establishes that the defendant is not raising an insanity affirmative defense. (Doc. 72).

CONCLUSION

For the foregoing reasons, the government requests that the Court grant the government's Motion <u>In</u> <u>Limine</u> and hold a pretrial hearing to make a determination outside the presence of the jury regarding the admissibility and scope of the defendant's proposed expert testimony.

                                        Respectfully submitted,

                                        DAVID E. NAHMIAS
                                        UNITED STATES ATTORNEY

                                        <u>s/G. SCOTT HULSEY</u>
                                        ASSISTANT UNITED STATES ATTORNEY
                                        Georgia Bar No. 377480

400 Richard B. Russell Building
75 Spring Street, SW
Atlanta, Georgia 30303
(404) 581-6000; (404) 581-6181 FAX

Theresa M. Bass
Paralegal Specialist

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL INDICTMENT |
| | : | NO. 1:05-CR-393 |
| SIMEON VELASQUEZ, | : | |
| a/k/a Chino | : | |
| | : | |
| Defendant. | | |

### CERTIFICATE OF COMPLIANCE AND SERVICE

I hereby certify that the above was prepared using Courier New 12 point font, and that I have caused a copy of the foregoing GOVERNMENT'S MOTION IN LIMINE AND REQUEST FOR PRETRIAL HEARING TO DETERMINE THE ADMISSIBILITY OF THE DEFENDANT'S PROPOSED EXPERT TESTIMONY to be electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorney(s) of record:

    Mildred Geckler Dunn
    Anna Blitz
    100 Peachtree Street, N.W.
    The Equitable Building, Suite 1700
    Atlanta, Georgia 30303


This <u>16th</u> day of January, 2007.

                                    <u>s/G. SCOTT HULSEY</u>
                                    ASSISTANT UNITED STATES ATTORNEY