IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA   :
                                  :
    v.                      :     CRIMINAL INDICTMENT
                                   :     NO. 1:05-CR-393-RWS-JFK
SIMEON VELASQUEZ,        :
 a/k/a Chino             :
                                   :
    Defendant.          :

<u>GOVERNMENT'S SECOND MOTION IN LIMINE</u>

COMES NOW the United States of America, by and through
counsel, David E. Nahmias, United States Attorney, and G. Scott
Hulsey, Assistant United States Attorney, Northern District of
Georgia, and hereby files the Government's Second Motion <u>in</u> <u>Limine</u>.

A.    <u>VICTIM'S PRIOR BAD ACTS</u>

The defendant should be precluded from introducing any
evidence at trial of the victim's prior bad acts, including the
victim's criminal history, and any specific instances of conduct
that allegedly occurred during the victim's incarceration.
Although evidence of the victim's reputation for aggressiveness or
violence may be admissible, evidence of any specific instances of
conduct is not.

"A defendant can introduce evidence of a victim's violent
character to establish conformity therewith in homicide cases where
self-defense is raised." <u>United States v. Gregg</u>, 451 F.3d 930, 933
(8th Cir. 2006), <u>citing</u> Fed. R. Evid. 404(a)(2). That is, to the

extent the defendant in the instant case is raising a defense of
self-defense, under Rule 404(a)(2),[1] evidence of the victim's
aggressive character may be relevant to establish the victim was
the aggressor. United States v. Bautista, 145 F.3d 1140, 1152
(10th Cir. 1998). However, "Federal Rule of Evidence 405
establishes the permissible methods of proving character under Rule
404(a)(2)." United States v. Talamante, 981 F.2d 1153, 1156 (10th
Cir. 1992). Specifically, Rule 405 states:

(a) Reputation or opinion. In all cases in which evidence
of character or a trait of character of a person is
admissible, proof may be made by testimony as to
reputation or by testimony in the form of an opinion. On
cross-examination, inquiry is allowable into relevant
specific instances of conduct.

(b) Specific instances of conduct. In cases in which
character or a trait of character of a person is an
essential element of a charge, claim, or defense, proof
may also be made of specific instances of that person's
conduct.

Fed. R. Evid. 405.

_____

[1]Rule 404(a)(2) provides:

(a) Character Evidence Generally. - Evidence of a
person's character or a trait of character is not
admissible for the purpose of proving action in
conformity therewith on a particular occasion, except:
. . .
    (2) Character of Alleged Victim. - Evidence of a
pertinent trait of character of the alleged victim of the
crime offered by an accused, or by the prosecution to
rebut the same, or evidence of a character trait of
peacefulness of the alleged victim offered by the
prosecution in a homicide case to rebut evidence that the
alleged victim was the first aggressor.

Fed. R. Evid. 404(a)(2).

Rule 405 "limits the type of character evidence to reputation or opinion evidence unless the character or trait is an essential element of the charge, claim, or defense." <u>Bautista</u>, 145 F.3d at 1152. "[A] victim's violent character is not an essential element of the charge of murder or the defense of self-defense." <u>Gregg</u>, 451 F.3d at 934; <u>Bautista</u>, 145 F.3d at 1152 (evidence of a victim's violent character to prove the victim was the aggressor is circumstantial use of character evidence); <u>United States v. Smith</u>, 230 F.3d 300, 308 (7th Cir. 2000)(specific prior acts of the victim, unknown to the one claiming self-defense, are circumstantial in nature and not an essential element of the claim).

Consequently, in the instant case, evidence of the victim's character must be limited to reputation or opinion evidence, and evidence of specific bad acts or instances of conduct must be excluded. <u>Talamante</u>, 981 F.2d 1156 (use of evidence of a victim's violent character to prove the victim was the aggressor is circumstantial use of character evidence, and in that case Rule 405 allows proof of character only by reputation and opinion); <u>Bautista</u>, 145 F.3d at 1152 (defendant could have introduced evidence of the victim's reputation for aggressiveness, but could not have introduced specific instances of aggressive conduct).

B. <u>WITNESS' CHARACTERIZATION OF VICTIM AS "CRAZY"</u>

Notwithstanding the fact that evidence of the victim's reputation for aggressiveness or violence may be admissible, as discussed above, lay witness testimony characterizing the victim as "crazy" is inadmissible.

Under Fed. R. Evid. 701, opinion testimony by a lay witness is admissible within certain limits:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701; <u>Williams v. Muhammad's Holy Temple of Islam</u>, 2006 WL 297448, *2 (E.D.N.Y. Feb. 8, 2006). "A lay witness's opinion that another person is 'crazy' does not meet these criteria [of Rule 701]." <u>Williams</u>, 2006 WL 297448, *2, 4. "The witness may describe what [he or she] observed, but may not provide an opinion regarding [the victim's] mental state." <u>Id.</u>

C. <u>VICTIM'S HOMOSEXUAL CONDUCT</u>

Any evidence of the victim's alleged homosexual conduct should be excluded. The victim's alleged homosexual conduct is not an essential element of the murder charge nor of the defense of self-defense. <u>See</u> <u>Bautista</u>, 145 F.3d at 1151-1152. Accordingly, such evidence is irrelevant, and the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. <u>See</u>

Fed. R. Evid. 402 ("[e]vidence which is not relevant is not admissible"); Fed. R. Evid. 403; <u>Bautista</u>, 145 F.3d at 1152 (the court, agreeing that testimony regarding the victim's homosexuality was irrelevant and potentially highly prejudicial, stated "[w]e fail to discern how the victim's sexual orientation is relevant to the charge of second-degree murder or to a defense of "heat of passion").


<u>CONCLUSION</u>

For the foregoing reasons, the government requests that the Court grant the government's Motion <u>In</u> <u>Limine</u> and issue a pretrial ruling that evidence of the following be excluded at trial: (1) the victim's prior bad acts; (2) lay witness' characterization of the victim as "crazy;" and, (3) the victim's alleged homosexual conduct.


                                        Respectfully submitted,

                                        DAVID E. NAHMIAS
                                        UNITED STATES ATTORNEY


                                        <u>s/G. SCOTT HULSEY</u>
                                        ASSISTANT UNITED STATES ATTORNEY
                                        Georgia Bar No. 377480

400 Richard B. Russell Building
75 Spring Street, SW
Atlanta, Georgia 30303
(404) 581-6000; (404) 581-6181 FAX

Theresa M. Bass
Paralegal Specialist

```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF GEORGIA
                        ATLANTA DIVISION
```

```
UNITED STATES OF AMERICA        :
                                :
        v.                      :     CRIMINAL INDICTMENT
                                :     NO. 1:05-CR-393
SIMEON VELASQUEZ,               :
  a/k/a Chino                   :
                                :
        Defendant.
```

<u>CERTIFICATE OF COMPLIANCE AND SERVICE</u>

I hereby certify that the above was prepared using Courier New 12 point font, and that I have caused a copy of the foregoing GOVERNMENT'S SECOND MOTION IN LIMINE to be electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorney(s) of record:

```
     Mildred Geckler Dunn
     Anna Blitz
     Federal Defendant Program, Inc.
     Suite 1700, The Equitable Building
     100 Peachtree Street, N.W.
     Atlanta, Georgia 30303 Mildred Geckler Dunn
```

This <u>22nd</u> day of January, 2007.


                              <u>s/G. SCOTT HULSEY</u>
                              ASSISTANT UNITED STATES ATTORNEY